**INDUSTRIAL COMMISSION v REEDER**

Ohio Appeals, 2nd Dist, Clark Co

No 324. Decided Feb 13, 1934

John .W. Bricker, Attorney General, Columbus, and R. R. Zurmehly, Assistant Attorney General, Columbus, and Orville Wear,, Prosecuting Attorney, Springfield, for plaintiff in error.

Stanley Lucas, Springfield, and Cowan, Adams & Adams, Columbus, for defendant in error.

## OPINION

**By THE COURT**

The above-entitled cause is now being determined on application for rehearing filed by counsel for defendant in error.

Accompanying the application is a very carefully prepared brief.

Counsel for plaintiff in error have filed answer brief.

The principles of law announced in **Cleveland Railway Company v Krofta, 125 Oh St, 126** (erroneously cited as page 50) and the case of **Vigola v New York Central Railroad Company, 102 Oh St, 194,** are well recognized. It is always necessary in considering the question of reversal, because of no evidence or being contrary to the manifest weight of the evidence, to give to the winning litigant the most favorable interpretation of evidence in an attempt to sustain the verdict and we so do in arriving at our conclusions as expressed in the original opinion.

Eliminating conclusions of witnesses and determining the status of defendant in error Reeder from all competent evidence of all witnesses, it was our conclusion that the uncontradicted evidence disclosed that Reeder was not an employee of the City of Springfield.

The case of **Industrial Commission v Laird, 126 Oh St, 617,** cited and syllabi 3 and 4 quoted in full.

The principle announced in syllabus 3 can not aid our situation, for the reason that it is our conclusion that there was no evidence submitted to the jury that the plaintiff Reeder was an employee of the city.

Syllabus 4 would be in point if plaintiff

Reeder's employer had been the claimant, and under such a situation and under similar circumstances the jury would have been warranted in finding that he was an employee of the city.

Counsel quote at length from the opinion of Judge Stephenson in the Laird case. The reported case is to be distinguished from the instant case in that the claimant Laird occupied a position similar to that of the plaintiff Reeder's employer. Had Laird's son, or another employee who worked for him a few days, been the claimant, then the situation would have been somewhat analagous.

We find nothing in the case of **Snodgrass, Administrator, v Cleveland Coal Company, 31 Oh Ap, 470**, requiring a modification or reversal of our former holdings.

The motion for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.